UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSE DAVENPORT,<br><br>                    Plaintiff,<br><br>-against-<br><br>URBAN HOME OWNERSHIP CORP., PAUL MOORE; TIJUANA HUGGINS; KIARA RIVERA; BARBARA GREAVES,<br><br>                    Defendants. | 26-CV-2065 (LLS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action concerning requests for reasonable accommodations made on behalf of her adult children with disabilities, Darryle Davenport ("Mr. Davenport") and Lanise Davenport ("Ms. Davenport"), under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Fair Housing Act ("FHA"), and 42 U.S.C. § 1983. She alleges that Defendants, who maintain and administer federally subsidized housing in which Mr. and Ms. Davenport live, fail to accommodate their disabilities. Plaintiff names as defendants: (1) Urban Home Ownership Corp.; (2) Paul Moore, CEO and owner; (3) Tijuana Huggins, property manager; (4) Kiara Rivera, housing specialist; and (5) Barbara Greaves, vice president. She also filed an applications for the court to request *pro bono* counsel to represent her. (ECF No. 4.)

By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead and denies her application for the court to request counsel, without prejudice to renewal at a later date.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff brings this action "arising from Defendants' conduct in administering federally subsidized housing [and] refusing reasonable accommodations for disabled tenants," namely, her adult children. (ECF No. 1, at 5.) She explains that Mr. Davenport "is an individual with disabilities . . . that substantially limit major life activities, including his ability to read, write, process information, and understand complex written communications." (*Id.*) As a result of these impairments, Mr. Davenport "has significant difficulties when understanding legal documents, housing recertification requirements, and communications related to his tenancy and housing rights." (*Id.*)

Ms. Davenport is "an individual [with] mental health impairments that substantially limit her life [and] abilities to process or comprehend information such as understanding legal terms, housing[-]related requirements, and communicating effectively regarding matters related to her tenancy[.]" (*Id.*)

Both Mr. and Ms. Davenport "will experience ongoing mental health challenges that affect their abilities to independently navigate complicated legal [and] housing procedures." (*Id.* at 6.) Plaintiff continues:

> Darryle and Lanise request a reasonable accommodation that would allow [Plaintiff] to assist them with supportive resources [and] services as supportive advocate. These accommodations were requested so they could receive assistance [with] their affairs with housing court appearances, court filings, recertifications, repairs, HRA [and] outside agencies when needed, ensuring that their right under federal housing law are protected.

(*Id.*) Plaintiff adds that Mr. and Ms. Davenport have requested these accommodations from Defendants, who denied them. (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff requests an order: (1) directing Defendants to provide reasonable accommodations to her adult children and recognize her as "an approved support person and advocate to assist them in housing, legal, and administrative matters [related to] their tenancy"; (2) requiring Defendants "to correct and fully disclose all housing records, rent ledgers, [and] subsidies calculations"; (3) prohibiting Defendants from "engaging in further retaliation, discrimination, or interference [with] rights of the disabled tenants"; (4) directing Defendants to "recognize $1500 paid for relocation fee during unihabitable living in 2018 for 18-20 months be granted; and (5) monetary relief. (*Id*. at 5-6.)

## DISCUSSION

### A.      Claims on behalf of others

Ordinarily, non-attorney litigants such as Plaintiff are prohibited from bringing litigation on behalf of other persons. Instead, as nonlawyers, unrepresented plaintiffs can represent only their own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that § 1654 "allow[s] for two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" (quoting *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. American Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976))). Thus, to the extent that Plaintiff seeks relief on behalf of her adult children, the Court must dismiss those claims without prejudice to her adult children asserting those claims through counsel.

4

**B.      Associational claims under the ADA, Rehabilitation Act, and the FHA**

There are limited situations, however, under which an unrepresented plaintiff may assert "associational" claims under the ADA, the Rehabilitation Act, and the FHA. The Court examines each of those statutes in turn.

**1.      Title III of the ADA**

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The phrase 'public accommodation' . . . 'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to the nondisabled." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676–77 (2001) (footnotes omitted).

In general, "to gain entry to the courts, non-disabled parties bringing associational discrimination claims," which are claims based on the the actual or perceived disability of a person with whom the plaintiff has a known relationship or association, "need only prove an independent injury causally related to the denial of federally required services to the disabled persons with whom the non-disabled plaintiffs are associated." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279 (2d Cir. 2009*); see Fulton v. Goord*, 591 F.3d 37, 42 (2d Cir. 2009) ("The ADA and Rehabilitation Act generously confer the right to be free from disability-based discrimination by public entities and federally funded programs and, in so doing, confer standing for persons claiming such discrimination to enforce that right."). Title III of the ADA, however, provides that the "independent injury" to the non-disabled plaintiff must be of a specific nature; the injury must be *plaintiff's own* exclusion of denial of "equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because

of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E); *see Popovich v. Cuyahoga County Court of Common Pleas, Domestic Relations Div.,* 150 Fed. Appx. 424, 425, 427 (6th Cir. 2005) (finding that the plaintiff's alleged injury—being "deprived . . . of her father's companionship for a period of five years"—was not an injury under Title II of the ADA because she "ha[d] not been denied access to or participation in any of the public services covered by Title II [of the ADA]").

In this action, Plaintiff has not alleged that *she* was excluded from any of Defendants' goods, services, or opportunities on the basis of her association with her adult children. The allegations in the complaint are therefore insufficient for the Court to infer that Plaintiff herself was excluded from any good, service, or opportunity covered by Title III. She lacks standing to proceed under Title III of the ADA, and the Court dismisses that claim. *See* Fed. R. Civ. P. 12(h)(3). If Plaintiff wishes to pursue an associational claim under Title III of the ADA in an amended complaint, she must set forth facts showing that Defendants excluded *her* from one of their programs, services, or opportunities due to her association with her adult children.

### 2.    The Rehabilitation Act

Under the Rehabilitation Act, "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a).

Like Title III of the ADA, the Rehabilitation Act also contains a right to bring associational claims, and it is broader than the right under the ADA. The Rehabilitation Act provides, in relevant part, that "any person aggrieved by any act or failure to act by any recipient of Federal assistance" under the Rehabilitation Act may bring suit. 29 U.S.C. § 794a(a)(2); *see*

*Loeffler*, 582 F.3d at 280. Courts in the Second Circuit "interpret th[is] standing provision of the [Rehabilitation Act] as broadly as possible under the Constitution." *Loeffler*, 582 F.3d at 280 (citing *Innovative Health Sys. v. City of White Plains*, 117 F.3d 37, 47 (2d Cir. 1997), *recognized as superseded on other grounds by Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 171 (2d Cir. 2001)). For that reason, under the Rehabilitation Act (but not the ADA), "the type of injury a 'person aggrieved' suffers need not be 'exclu[sion] from the participation in, . . . deni[al of] the benefits of, or . . . subject[ion] to discrimination under any program or activity receiving Federal financial assistance.'" *Id*. (quoting 29 U.S.C. § 794(a)).

Thus, in order to have standing under this provision of the Rehabilitation Act, Plaintiff need only allege "an injury independent from [her adult children] that was causally related to [Defendants'] failure to provide" the requested accommodations. *Id*. For instance, the Second Circuit has held that non-disabled plaintiffs had standing under this provision by being required to provide sign language interpretation services for their parents in the hospital when the hospital itself refused to do so and by being required to miss school in order to provide those services. *See Loeffler*, 582 F.3d at 281; *see also Innovative Health Sys., Inc.,* 117 F.3d at 46-48 (concluding that a drug and alcohol treatment center had standing under the Rehabilitation Act because the center alleged it had been injured by discrimination against its disabled clients); *Payson v. Bd. of Educ. of Mount Pleasant Cottage Sch., USFD*, No. 14-CV-9696 (JCM), 2017 WL 4221455, at *21 (S.D.N.Y. Sept. 20, 2017) (collecting cases for the proposition that "teachers who advocate on behalf of special education students have standing under the Rehabilitation Act" due to the harm imposed upon them by the denial of their students' rights).

In this action, however, Plaintiff does not allege that Defendants harmed *her* in any way. She therefore fails to establish that she has standing, even under the Rehabilitation Act's more

7

relaxed standing standard. The Court therefore dismisses Plaintiff's claim under the Rehabilitation Act. *See* Fed. R. Civ. P. 12(h)(3). If Plaintiff chooses to pursue her associational claim under the Rehabilitation Act in an amended complaint, she must set forth facts showing that Defendants' conduct harmed *her*, for instance, by requiring her to "fill the gap left by [Defendants'] failure to honor its obligations under the statute." *Loeffler*, 582 F.3d at 280-81. In short, Plaintiff should explain how Defendants' denial of her adult children's requested accommodations has harmed her personally.

### 3.    The FHA

The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a" disability "of that person; or a person residing in or intending to reside in that dwelling . . . or any person associated with that person." 42 U.S.C.§ 3604(f)(2). The FHA further defines disability discrimination to include a refusal to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (making it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

To state a claim under the FHA for failure to provide reasonable accommodations for a plaintiff's disability, a plaintiff must allege facts showing:

8

> (1) that the plaintiff or a person who would live with the plaintiff had a [disability, as defined by the FHA]; (2) that the defendant knew or reasonably should have been expected to know of the [disability]; (3) that the accommodation was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation requested was reasonable; and (5) that the defendant refused to make the requested accommodation.

*Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014); *see C.T. Fair Hous. Ctr. v. Corelogic Rental Prop. Solutions, LLC*, 369 F. Supp. 3d 362, 379 (D. Conn. 2019). For an accommodation to be necessary, "'[p]laintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice.'" *Olsen*, 759 F.3d at 156 (citation omitted). "Requested accommodations are reasonable where the cost is modest and they do not pose an undue hardship or a substantial burden on the housing provider." *Id.*

A non-disabled person may have standing to assert an FHA claim upon a showing of actual injury to that person. The Supreme Court has explained that a party who is "not granted substantive rights by [the FHA] . . . may sue to enforce the [FHA] rights of others[.] [A]s long as the plaintiff suffers actual injury as a result of the defendant's conduct, [s]he is permitted to prove that the rights of another were infringed." *Gladstone Realtors,* 441 U.S. at 103 n. 9. "The central issue . . . is not who possesses the legal rights protected by [the FHA], but whether [the plaintiff was] genuinely injured by conduct that violates *someone's* [FHA] rights, and thus are entitled to seek redress of that harm[.]" *Id*.; *see also Keller v. City of Fremont,* 719 F.3d 931, 947 (8th Cir. 2013) (holding that a landlord had standing to assert an FHA claim challenging an ordinance that prohibited renting to "illegal aliens," because "the restrictions would likely cause [the landlord] to lose some tenants and restrict the pool of prospective tenants, causing economic injury"). Thus, the standing provision of the FHA is broader and more permissive than the standing provision of the ADA; it is more akin to the Rehabilitation Act's standing provision,

9

which merely requires that a plaintiff alleges that defendants' violation of the statute harmed her personally.

Again, however, Plaintiff has not alleged in the complaint any injury that she personally suffered as a result of Defendants' alleged violation of the rights provided by the FHA. She therefore lacks standing to proceed under the FHA. *See* Fed. R. Civ. P. 12(h)(3). If Plaintiff intends to pursue her claim under the FHA, she must set forth facts showing that Defendants harmed *her* in their alleged violation of her adult children's rights under the FHA.

## C. 42 U.S.C. § 1983

Plaintiff also brings a claim under 42 U.S.C. § 1983, but she fails to state a claim under that statute.

To state a claim of federal constitutional violations under Section 1983, a litigant must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted).

"Because the United States Constitution regulates only the Government, not private parties [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes*, 723 F.3d at 406 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

The fundamental question is whether the private person or entity's challenged actions are "fairly attributable" to a state or local government. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). When analyzing whether a private person or entity functions as a state actor under Section 1983, a court must first "identify[ ] the specific conduct of which the plaintiff complains, rather than the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted). The fact that an entity receives public funds does not turn private action into state action, and acts of private contractors do not become acts of the government simply because the contractors are performing government contracts. *See Rendell-Baker*, 457 U.S. at 840-41. Furthermore, a private entity does not become a state actor merely by acting in accordance with state regulations. *See id.* at 841.

In this action, Plaintiff provides no facts suggesting that Defendants, who appear to be administrators of federally subsidized housing, acted under color of state law in denying the requests for reasonable accommodations that are at issue in this case. The Court therefore dismisses Plaintiff's Section 1983 claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Supplemental jurisdiction declined

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

11

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## E.    Application for the court to request counsel

Plaintiff has submitted an application for the court to request counsel to represent her in this action. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## F.    Leave to amend granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims under the ADA, Rehabilitation Act, and FHA, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

For the reasons set forth in this order, the Court dismisses Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), with 30 days' leave to replead.

The Court denies without prejudice Plaintiff's motion for the court to request counsel. The Clerk of Court is directed to terminate the motion pending at ECF No. 4.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 25, 2026
          New York, New York

                                        _____
                                        Louis L. Stanton
                                        U.S.D.J.

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

_____
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of

           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name            Middle Initial        Last Name

_____

Street Address

_____

County, City            State        Zip Code

_____

Telephone Number        Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State              Zip Code

Defendant 2:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State              Zip Code

Defendant 3:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State              Zip Code

Page 4

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

---

---

---

---

---

---

---

---

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

---

---

---

---

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

---

---

---

---

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.