UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYLE DAVENPORT,

Plaintiff,

-against-

HARLEM WEST II HDFC, INC.; URBAN
HOME OWNERSHIP CORP.; PAUL MOORE,
OWNER,

Defendants.

26-CV-2065 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

Plaintiff Darryle Davenport, who is appearing *pro se*, brings this action under the Fair

Housing Act, the Rehabilitation Act, and certain Housing and Urban Development regulations,

alleging that Defendants are unlawfully denying him an accommodation for his disability. The

Court liberally construes the complaint as asserting additional claims under the New York State

and New York City Human Rights Laws. In the amended complaint (ECF No. 8), which is the

operative pleading, Plaintiff names as Defendants Urban Home Ownership Corp.; Paul Moore;

and Harlem West II HDFC, Inc.[1]

By order dated June 4, 2026, the Court granted Plaintiff Darryle Davenport's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following

reasons, the Court: (1) directs service on Defendants and (2) informs Plaintiff about the services

available at The City Bar Justice Center's SDNY Federal Pro Se Legal Assistance Project.

---

[1] In the original complaint, Rose Davenport, the plaintiff who commenced this action by herself and who subsequently voluntarily dismissed herself from this action, also asserted claims against Tijuana Huggins, Kiara Rivera, and Barbara Greaves. The amended complaint, in which Darryle Davenport is the sole named plaintiff, does not name these persons as defendants.

**DISCUSSION**

**A.    Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Urban Home Ownership Corp., Paul Moore, and Harlem West II HDFC, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Pro Se Law Clinic**

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email ([fedprosdny@nycbar.org](mailto:fedprosdny@nycbar.org)), or by completing the City Bar Justice Center's [intake form](). A flyer with details is attached. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court also is instructed to mail Plaintiff an information package.

SO ORDERED.

Dated:    June 11, 2026
          New York, New York

_____
                    LEWIS J. LIMAN
              United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Harlem West II HDFC Inc.
      400-408 Manhattan Avenue
      New York, NY 10026

2.    Urban Home Ownership Corp.
      420 Fifth Avenue, 14th Floor
      New York, NY 10018

3.    Paul Moore
      CEO/Owner
      Urban Home Ownership Corp.
      420 Fifth Avenue, 14th Floor
      New York, NY 10018