USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYLE DAVENPORT,

Plaintiff,

-v-

URBAN HOME OWNERSHIP CORP., et al.,

Defendants.

26-cv-2065 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Darryle Davenport ("Plaintiff") seeks an order from the Court directing the Clerk of Court to attempt to locate counsel to represent him pro bono. Dkt. No. 26. Plaintiff points out that Defendants have filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), argues that he could use the benefit of counsel to respond to the motion and to address discovery if the case proceeds beyond the pleading stage, and notes that he has been able to receive only limited assistance from the Federal Pro Se Legal Assistance Project of the City Bar Justice Center because the attorneys there are not counsel of record. *Id.*

The Court has authority to request an attorney to represent a person who is unable to afford counsel. The relevant factors are set forth in *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991). The Court considers (1) whether plaintiff's position "seems likely to be of substance"; (2) whether the issues presented "might require substantial factual investigation" and "the indigent's ability to investigate the crucial facts"; (3) "the plaintiff's apparent ability to present the case" and "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder";

(4) whether the "case's factual issues turn on credibility"; (5) whether the legal issues presented are complex; and (6) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.* at 60–62. The Second Circuit has instructed that "courts should not grant such applications indiscriminately" in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

Plaintiff has not shown that his case is likely to be of substance and, at this stage, before the complaint has survived the motion to dismiss, there is no basis to believe that it will require substantial factual investigation, that the issues presented will turn upon credibility, or that there will be material factual disputes. Accordingly, the motion is denied without prejudice to renewal if the complaint survives a motion to dismiss.

The Court will extend the deadline for Plaintiff to respond to the motion to dismiss to November 10, 2026. The Court is prepared to give Plaintiff a further lengthy extension of that deadline so that Plaintiff may consult with the Federal Pro Se Legal Assistance Project. The Court is also prepared to allow Plaintiff to file an amended complaint in lieu of responding to the motion to dismiss on the same timetable as the opposition to the motion to dismiss would be due. If Plaintiff files an amended complaint, the Court will deny the current motion to dismiss as moot. Defendants will either answer or move against an amended complaint. Should Plaintiff want an extension of the deadline to respond to the motion to dismiss or to file an amended complaint, Plaintiff should file a letter on the docket before November 10, 2026, setting forth his

request with a date certain by which an opposition or an amended complaint will be filed.

SO ORDERED.

Dated: October 29, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge